IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE YOUNG, | : | |
| Plaintiff | : | Civ. No. 4: 04-CV-1887 |
| | : | |
| vs. | : | |
| | : | (Judge McClure) |
| OLLIE'S BARGAIN OUTLET, INC., | : | |
| | : | |
| Defendant | : | |

**O R D E R**

April 25, 2005

BACKGROUND:

On August 24, 2004, plaintiff Jacqueline Young filed a two count complaint against defendant Ollie's Bargain Outlet, Inc. The complaint made claims of sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). On October 25, 2004, defendant filed an answer and affirmative defenses to the complaint. The parties are currently engaged in discovery.

On March 11, 2005, defendant filed a motion to compel discovery which was due on or before January 17, 2005. The motion and proposed order included a request by defendant for an award of reasonable expenses, including attorneys' fees, incurred in making the motion to compel. The motion also indicated

defendant's numerous attempts to resolve the discovery issue before resorting to filing a motion to compel. A supporting brief was filed on March 24, 2005.

On April 11, 2005, plaintiff's counsel filed an opposing brief which indicated that all necessary discovery had been provided by plaintiff on April 1, 2005, and argued that therefore the motion was moot. Defendant's April 18, 2005 reply brief asserts that defendant is still entitled to an award of expenses and costs.

DISCUSSION:

The sanctions for failure to make disclosure or cooperate in discovery are provide for in Federal Rule of Civil Procedure 37. In particular, the rule provides:

> If the motion is granted or <u>if the disclosure or requested discovery is provided after the motion was filed</u>, the court <u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . .

Fed. R. Civ. P. 37(a)(4)(a) (emphasis added)

Plaintiff did not provide the discovery until after the motion to compel was filed, and the motion and supporting brief documented defendant's attempts to resolve the dispute before resorting to filing the motion. Therefore, defendant shall have seven (7) days from the entry of this order to submit evidence of reasonable

expenses incurred in the preparation of this motion, and the method for calculating those expenses.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant is entitled to sanctions for plaintiff's failure to make timely disclosures.

2. Defendant's counsel shall have seven (7) days from the entry of this order to submit a statement of reasonable expenses, including attorney's fees, incurred in the preparation of the motion to compel and supporting briefs. The statement shall be accompanied by supporting documentation.

3. Plaintiff shall then file a statement of its position regarding defendant's statement within ten (10) days after receipt of service of the same.

4. The court will determine whether a hearing is necessary after reviewing the foregoing statements.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge